THE STATE EX REL. LAWHORN, APPELLEE,
*v.* WHITE, MAYOR, ET AL., APPELLANTS.

[Cite as *State ex rel. Lawhorn v. White* (1993), 67 Ohio St.3d 158.]

(No. 92–1555—Submitted May 18, 1993—Decided August 18, 1993.)

*Anthony Lawhorn, pro se.*

*Danny R. Williams,* Director of Law, and *Pamela A. Pfleger Walker,* Assistant Director of Law, for appellants.

*Per Curiam.* Appellants argue that the court of appeals erred by neither considering their claims that certain records were exempt from public release nor performing the requisite *in camera* inspection of disputed records. We agree. The case is remanded to the court of appeals to consider respondents' exemption claims and to perform the required *in camera* inspection of disputed records. *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 526 N.E.2d 786, paragraph four of the syllabus; *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1991), 57 Ohio St.3d 77, 80–81, 566 N.E.2d 146, 150.

The judgment of the court of appeals is reversed and the cause is remanded as set forth in this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents.

PFEIFER, J., dissenting. At the post-conviction relief stage, the reasons justifying the opening of a defendant's file outweigh the interest in keeping it closed. The post-conviction relief remedy is the last hope Ohio law offers an innocent defendant. If a conviction rests on the denial or infringement of a defendant's rights, evidence of that could be found in the files of the police or prosecutor. We do not serve our judicial system by hiding information from a convicted defendant. Trial strategy concerns are irrelevant—the trial is over. The question is whether the state acted constitutionally in achieving the conviction. While a public records request will only in the most rare instances yield a successful petition for post-conviction relief, we must remain attentive to the rights of the theoretical "innocent man." Along with the philosophical benefit of doing all we can to see justice ultimately done, opening the defendant's entire file also conveys the more measurable financial benefit of eliminating the need for costly and time-consuming appeals of public records requests.

An exception to the general rule of transmitting the entire file to a convicted defendant should be made when the file contains information regarding an ongoing investigation regarding other potential defendants. In such an instance, an *in camera* review of the file is appropriate, upon the request of the party from whom the information is sought. In this case, appellants made no claim of an ongoing investigation. Thus, the court of appeals correctly declined to perform an *in camera* review. I therefore respectfully dissent from the majority opinion.