[THE STATE EX REL.] JOHNSON, APPELLANT, *v.* SLABY, PROS. ATTY., APPELLEE.

[Cite as *State ex rel. Johnson v. Slaby* (1993), 67 Ohio St.3d 572.]

(No. 93-1048—Submitted August 16, 1993—Decided November 10, 1993.)

*Kenneth Johnson,* pro se.

*Lynn C. Slaby,* Summit County Prosecuting Attorney, and *Philip D. Bogdanoff,* Assistant Prosecuting Attorney, for appellee.

---

*Per Curiam.* The decision of the court of appeals is affirmed based on *Nelson* and *Fenley, supra.*

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents.

PFEIFER, J., dissenting. Johnson never sought to require the prosecutor to mail him the photographs in question. He only sought to have copies of the photographs be made available to his agent. Thus, the majority's reliance on *State ex rel. Nelson v. Fuerst* (1993), 66 Ohio St.3d 47, 607 N.E.2d 836, and *State ex rel. Fenley v. Ohio Historical Soc.* (1992), 64 Ohio St.3d 509, 597 N.E.2d 120, which concern the duty to mail public records, is misplaced.

The real issue is whether Johnson should have access to the photographs. For the reasons stated in my dissent in *State ex. rel. Lawhorn v. White* (1993), 67 Ohio St.3d 158, 159, 616 N.E.2d 888, 889, I would require the prosecutor to make available to Johnson copies of all the requested photographs.