The STATE, ex rel. MAYRIDES,

v.

CITY OF WHITEHALL et al.

[Cite as *State, ex rel. Mayrides, v. Whitehall* (1990), 62 Ohio App.3d 225.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–836.

Decided March 13, 1990.

226

*Edward M. Mayrides, pro se.*
*Ted Zwayer,* City Attorney, for respondents.

PEGGY L. BRYANT, Judge.

Relator has filed an original action in mandamus in this court pursuant to R.C. 149.43(C) (action in mandamus to obtain public records). Relator has requested that respondents provide him with a variety of public records relating to his arrest and conviction for rape.

Respondents admit that the records requested are disclosable under R.C. 149.43. Respondents do, however, argue that, because relator is unable to pay for the cost of copying the records, he is not entitled to the writ of mandamus.

Respondents are correct to the extent they argue that nothing in R.C. 149.43 explicitly requires them to provide documents free of charge. R.C. 149.43(B) states, in part, "[u]pon request, a person responsible for public records shall make copies available *at cost * * *.*" (Emphasis added.) However, in his reply brief, relator asserts that he never said he was unwilling to pay. Relator contends he suggested that the city of Whitehall absorb the cost of copying only as "an afterthought" because the imposition of copying costs would serve "as a sanction." Given that relator is willing to pay for copying, we conclude that respondents present no valid objection to relator's obtaining the documents.

Relator has also requested an award of attorney fees in his brief (although relator's petition for a writ of mandamus does not mention attorney fees). In

a mandamus action under R.C. 149.43(C), a court may award " * * * reasonable attorney's fees to the person that instituted the mandamus action. * * * " In this case, since plaintiff is litigating *pro se*, an issue arises whether a person not represented by an attorney may obtain an award of attorney fees under R.C. 149.43. Cases interpreting the Freedom of Information Act, the federal analogue to Ohio's public records law, are divided on the issue. See, generally, Annotation, Pro Se Litigant as Entitled to Award of Attorneys' Fees for Value of His Own Services Rendered in Lawsuit Under Freedom of Information Act (5 USCS § 552) (1982), 56 A.L.R. Fed. 573.

 However, we need not address the question of whether *pro se* litigants in general may recover attorney fees under R.C. 149.43(C) because relator is not entitled to attorney fees for reasons other than his *pro se* status. An award of attorney fees under R.C. 149.43(C) is not mandatory; rather, the award is within the discretion of the court. *State, ex rel. Beacon Journal Publishing Co., v. Akron Metro. Hous. Auth.* (1989), 42 Ohio St.3d 1, 2, 535 N.E.2d 1366, 1367; *State, ex rel. Fox, v. Cuyahoga Cty. Hosp. System* (1988), 39 Ohio St.3d 108, 529 N.E.2d 443, paragraph two of the syllabus. When exercising its discretion in deciding whether to award attorney fees, a court may consider the reasonableness of a respondent's refusal to comply with a relator's requests for documents. *Id.* at 112, 529 N.E.2d at 447. We therefore find that imposition of a sanction is inappropriate in the present case, since respondents apparently had a good faith belief that relator was unable to pay for the cost of copying. See *id.* ("good faith"). In a letter of May 8, 1989, attached as Exhibit A to relator's petition for a writ, relator stated to the "Information/Records Officer" of "Whitehall Police Station," "[i]f necessary, please provide me with a reasonable estimate for any copywork needed or bill me for the copies as I am an indigent prisoner without funds." From this statement, respondents could have reasonably inferred that relator was declaring that he could not pay for copies of the records.

 In regard to relator's suggestion that he should receive the records free of charge as a sanction, we note that no explicit authority exists in R.C. 149.43(C) for that type of award. Even if this sanction were available under the statute, though, we would again find that imposition of a penalty is inappropriate in this case.

In conclusion, because respondents appear willing to provide the records if relator is willing to pay, we grant a writ of mandamus ordering respondents to notify relator of the cost of the public records requested and, upon receipt of those costs, to provide copies to relator. See *State, ex rel. Bertolini, v.*

*Smith* (July 26, 1988), Franklin App. No. 87AP–218, unreported, 1988 WL 79082.

*Writt granted.*

Strausbaugh and Whiteside, JJ., concur.