THE STATE EX REL. CHEREN, APPELLANT, *v.* CHIEF OF POLICE,
AKRON MUNICIPAL POLICE DEPARTMENT, APPELLEE.

[Cite as *State ex rel. Cheren v. Akron Chief
of Police* (1993), 67 Ohio St.3d 461.]

(No. 93–839—Submitted July 8, 1993—Decided October 20, 1993.)

*Oles Cheren, pro se.*

*Max Rothal,* Director of Law, and *Kathryn W. Pascover,* Assistant Director of
Law, for appellee.

---

*Per Curiam.* We have held that the Civ.R. 12(B)(6) motion to dismiss is not
appropriate for resolving writ cases on the merits. *State ex rel. Hanson v.
Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 605 N.E.2d 378.
Nevertheless, on independent review of the merits, we find that *Nelson, supra,* is
determinative and that appellee had no duty to mail any public records or copies
thereof to appellant.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, RESNICK and F.E. SWEENEY, JJ., concur.

DOUGLAS, WRIGHT and PFEIFER, JJ., dissent.

PFEIFER, J., dissenting.  For the reasons stated in my dissent in *State ex rel. Lawhorn v. White* (1993), 67 Ohio St.3d 158, 159, 616 N.E.2d 888, 889, I would require the Akron Chief of Police to make available to Cheren all the requested records.  Since Cheren is in prison, I would also hold that the police chief has the duty to mail Cheren those records, for the reasons stated in Justice Wright's dissent in *State ex rel. Nelson v. Fuerst* (1993), 66 Ohio St.3d 47, 49, 607 N.E.2d 836, 838.