The STATE ex rel. EDWARDS

v.

CLEVELAND POLICE DEPARTMENT.

[Cite as *State ex rel. Edwards v. Cleveland Police Dept.* (1996), 116 Ohio App.3d 168.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71198.

Decided Dec. 4, 1996.

*Michael Edwards, pro se.*

*Sharon Sobol Jordan,* Director of Law, and *John Cullen,* Assistant Director of Law, for respondent.

SARA J. HARPER, Presiding Judge.

Relator, Michael Edwards, has filed a complaint for a writ of mandamus in order to compel the respondent, the Cleveland Police Department, to produce

copies of public records free of charge per R.C. 149.43. The respondent has filed a motion to dismiss per Civ.R. 12(B)(6) based on the argument that the relator's complaint fails to state a claim upon which relief can be granted. For the following reasons, we grant the respondent's motion to dismiss.

A review of the complaint for a writ of mandamus indicates that on at least two separate occasions, the relator has requested by way of mail correspondence the production of copies of records free of charge. The Supreme Court of Ohio, as well as this court, however, has established that a custodian of public records (1) possesses no legal duty to respond to requests for public records as made by mail, (2) possesses no legal duty to provide public records by mail, and (3) possesses no legal duty to provide an individual, by mail, with the number of public records available or the costs associated with copying public records. *State ex rel. Fenley v. Ohio Historical Soc.* (1992), 64 Ohio St.3d 509, 597 N.E.2d 120; *State ex rel. Finnerty v. Custodian of Records, Strongsville Police Dept.* (1994), 96 Ohio App.3d 569, 645 N.E.2d 780; *State ex rel. Dussell v. Lakewood* (Apr. 21, 1994), Cuyahoga App. No. 66742, unreported. In addition, R.C. 149.43 does not require the custodian of public records to provide records free of charge. To the contrary, records are to be made available at costs. *State ex rel. Mayrides v. Whitehall* (1990), 62 Ohio App.3d 225, 575 N.E.2d 224. Finally, the Supreme Court of Ohio, in *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, severely restricted the types of records the relator may obtain from the respondent:

"Except as required by Crim.R. 16, information assembled by law enforcement officials in connection with a probable or pending criminal proceeding is, by the work product exception found in R.C. 149.43(A)(2)(c), excepted from required release as said information is compiled in anticipation of litigation. The work product exception does not include ongoing routine offense and incident reports, including, but not limited to, records relating to a charge of driving while under the influence and records containing the results of intoxilyzer tests. Routine offense and incident reports are subject to immediate release upon request. If release is refused, an action in mandamus, pursuant to R.C. 149.43(C), will lie to secure release of the records." *Id.*, paragraph five of the syllabus.

Accordingly, the respondent's motion to dismiss is granted. Relator to bear costs.

Petition for writ of mandamus dismissed.

*Petition dismissed.*

JAMES D. SWEENEY and TERRENCE O'DONNELL, JJ., concur.