Relator is incarcerated in the Mansfield Correctional Institution. By mail, he requested a copy of a police report from respondent. By mail, a representative of respondent informed relator that respondent did not have a duty to mail copies but invited relator to identify a designee who could contact respondent on relator's behalf and further explain relator's request. Relator requests that this court compel respondent to provide relator a copy of the police report.
Respondent has filed a motion to dismiss. Relator has not opposed the motion. Respondent argues that this action should be dismissed because: 1) relator failed to comply with Loc. App. R. 8(B)(1) which requires that complaints in original actions "be supported by an affidavit from the plaintiff or relator specifying the details of the claim"; 2) respondent has no legal duty to mail records; and 3) portions of the request for a police report fall within the confidential investigatory work product exception to the public records statute.
We are unable to evaluate respondent's third argument regarding the confidential investigatory work product exception because respondent has not submitted the contested records forin camera inspection. Nevertheless, respondent's first and second arguments are well-taken.
 Because [relator] is in prison and cannot physically go and inspect the records and because he does not have a designee, he does not state a public records mandamus claim. State ex rel. Edwards v. Cleveland Police Department (1996), 116 Ohio App.3d 168, 687 N.E.2d 315; State ex rel. Johnson v. Cleveland Police Department (Aug. 30, 1996), Cuyahoga App. No. 70274, unreported; and State ex rel. Boyd v. Court of Common Pleas of Cuyahoga County (Dec. 11, 1997), Cuyahoga App. No. 73194, unreported.
State ex rel. Porter v. Cleveland Dept. of Pub. Safety (Apr. 23, 1998), Cuyahoga App. No. 74269, unreported, at 3-4. The circumstances of relator in this action are identical to those described in Porter and require the same result.
Accordingly, respondent's motion to dismiss is granted. Relator to pay costs.
Writ dismissed.
ANN DYKE, J., CONCURS.
 _______________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE