JOURNAL ENTRY AND OPINION
On May 17, 1999, the relator, Eddie Parker, commenced this public records mandamus action against the respondent, Judge Timothy J. McGinty, to compel the judge, pursuant to R.C. 149.43
to release the following records all of which relate to Mr. Parker's underlying criminal case, State of Ohio v. Eddie Parker,
Cuyahoga County Common Pleas Court Case No. CR-333410: (1) appearance docket sheet, (2) journal entry, (3) motion for discovery and all information included in the discovery package, (4) all pre-trial motions, (5) all pre-trial conferences, (6) all witness statements, (7) police dispatch reports, (8) indictment, (9) plea agreements, (10) case action inquiry, (11) criminal complaint, and (12) grand jury report. In his complaint Mr. Parker further states that on February 8, 1999, he filed a motion for public records in the underlying case and that the respondent denied his motion on April 1, 1999. Mr. Parker further indicates that he needs these records because he "is in the process of preparing legal redress in the form of post-conviction or appeal." (Second paragraph of Memorandum in Support.) He requests that all fees be waived. On June 9. 1999, the respondent, through the Cuyahoga County Prosecutor, moved to dismiss. Mr. Parker has not filed a response to that motion. For the following reasons, this court grants the respondent's motion and dismisses this writ action.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914.
First, the respondent has no legal duty to remit public records at state's expense. The principles of providing the record and transcript at state's expense for indigent convicts for a direct appeal do not apply in public records cases. Rather R.C. 149.43
explicitly provides that copies of the records shall be provided at costs. State ex rel. Mayrides v. City of Whitehall (1990),62 Ohio App.3d 225, 575 N.E.2d 224; State ex rel. Viceroy v. Fuerst
(Oct. 22, 1998), Cuyahoga App. No. 75078, unreported; Cf. Stateex rel. Greene v. Enright (1992), 63 Ohio St.3d 729. Mr. Parker further indicated in his petition that he had appealed the underlying matter to this court in State of Ohio v. Eddie Parker
(Sept. 8, 1997), Cuyahoga App. No. 71034, unreported. A review of the docket indicates that this court affirmed Mr. Parker's conviction and sentence and that on January 5, 1998, the Supreme Court of Ohio denied his leave to appeal. In State ex rel.Steckman v. Jackson (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, the supreme court ruled that a "defendant in a criminal case who has exhausted the direct appeals of her or his conviction may not avail herself or himself of R.C. 149.43 to support a petition for postconviction relief." Paragraph Six of the Syllabus. Thus, the respondent had no duty to disclose the requested records so that Mr. Parker could pursue postconviction remedies.
Mr. Parker is currently in the Ross Correctional Institute. Through his pleadings and attachments Mr. Parker admits that he is representing himself, and he never indicates that he has anyone outside of prison to act as his designee or representative to aid him in his public records requests.
In State ex rel. Fenley v. Ohio Historical Society (1992),64 Ohio St.3d 509, 597 N.E.2d 120; State ex rel. Nelson v. Fuerst
(1993), 66 Ohio St.3d 47, 607 N.E.2d 836; State ex rel. Nelson v.Tubbs Jones (1993), 67 Ohio St.3d 438, 619 N.E. 687, cert. denied (1994), 114 S.Ct. 1402; and State ex rel. Cheren v. Chief ofPolice, Akron Municipal Police Department (1993), 67 Ohio St.3d 461,619 N.E.2d 1024. The Supreme Court of Ohio ruled that under R.C. 149.43 custodians of public records have no duty to make copies of records available by mail. Therefore, in order to pursue a public records claim, a person in prison must have a designee who would physically go to the location of the records and inspect and/or obtain copies of the desired records. Cf.State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420,639 N.E.2d 83.
Because Mr. Parker is in prison and cannot physically go and inspect the records and because he does not have a designee, he does not state a public records mandamus claim. State ex rel.Edwards v. Cleveland Police Department (1996), 116 Ohio App.3d 168,687 N.E.2d 315; State ex rel. Johnson v. Cleveland PoliceDepartment (Aug. 30, 1996), Cuyahoga App. No. 70274, unreported;State ex rel. Boyd v. Court of Common Pleas of Cuyahoga County
(Dec. 11, 1997), Cuyahoga App. No. 73194, unreported.
Accordingly, this writ is dismissed. Costs assessed against relator.
ANN DYKE, J., CONCURS.
 ______________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE