PETITION FOR WRIT OF MANDAMUS JOURNAL ENTRY AND OPINION
On April 6, 1999, the relator, Jose Montas, commenced this mandamus action against the respondent, Judge Nancy Fuerst, to compel the judge to rule on his motion to release records without costs, which he filed in the underlying case, State of Ohio v.Jose Montas, Cuyahoga County Common Pleas Court Case No. CR-355566 and to release those requested records pursuant to R.C.149.43, Ohio's Public Records Act. On June 18, 1999, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of mootness. Attached to this dispositive motion was a copy of a certified, signed journal entry, file-stamped June 1, 1999, in which the respondent denied Mr. Montas' motion to release records. Mr. Montas never filed a reply. For the following reasons, this court grants the respondent's motion for summary judgment.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914.
Mr. Montas' mandamus claim for a ruling on his motion is moot. The attached journal entry establishes that the respondent ruled on the motion. The judge fulfilled her duty by issuing the ruling. Moreover, he has received his requested relief, a ruling. Thus, he cannot establish all the elements for mandamus.
Mr. Montas' claim for public records without costs is not well founded. First, the respondent has no legal duty to remit public records at state's expense. The principles of providing the record and transcript at state's expense for indigent convicts for a direct appeal do not apply in public records cases. Rather R.C. 149.43 explicitly provides that copies of the records shall be provided at costs. State ex rel. Mayrides v. City of Whitehall
(1990), 62 Ohio App.3d 225, 575 N.E.2d 224; State ex rel. Viceroyv. Fuerst (Oct. 22. 1998), Cuyahoga App. No. 75078, unreported; Cf. State ex rel. Greene v. Enright (1992), 63 Ohio St.3d 729.
Mr. Montas is currently in the Marion Correctional Institute. Through his pleadings and attachments Mr. Montas admits that he is representing himself, and he never indicates that he has anyone outside of prison to act as his designee or representative to aid him in his public records requests.
In State ex rel. Fenley v. Ohio Historical Society (1992),64 Ohio St.3d 509, 597 N.E.2d 120; State ex rel. Nelson v. Fuerst
(1993), 66 Ohio St.3d 47, 607 N.E.2d 836; State ex rel. Nelson v.Tubbs Jones (1993), 67 Ohio St.3d 438, 619 N.E. 687, cert. denied (1994), 114 S.Ct. 1402; and State ex rel. Cheren v. Chief ofPolice, Akron Municipal Police Department (1993), 67 Ohio St.3d 461,619 N.E.2d 1024, the Supreme Court of Ohio ruled that under R.C. 149.43 custodians of public records have no duty to make copies of records available by mail. Therefore, in order to pursue a public records claim, a person in prison must have a designee who would physically go to the location of the records and inspect and/or obtain copies of the desired records. Cf.State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420,639 N.E.2d 83.
Because Mr. Montas is in prison and cannot physically go and inspect the records and because he does not have a designee, he does not state a public records mandamus claim. State ex rel.Edwards v. Cleveland Police Department (1996), 116 Ohio App.3d 168,687 N.E.2d 315; State ex rel. Johnson v. Cleveland PoliceDepartment (Aug. 30, 1996), Cuyahoga App. No. 70274, unreported; and State ex rel. Boyd v. Court of Common Pleas of CuyahogaCounty (Dec. 11, 1997), Cuyahoga App. No. 73194, unreported.
Accordingly, this writ is denied. Costs assessed against relator.
ANN DYKE. J., CONCURS.
 ___________________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE