PETITION FOR WRIT OF MANDAMUS
 JOURNAL ENTRY AND OPINION
Relator, Robert L. Pinkava, seeks a writ of mandamus in order to compel the respondent, Meridia Euclid Hospital, to produce copies of medical records which are related to the underlying case of State v. Pinkava, Cuyahoga County Court of Common Pleas Case No. CR-44237. For the following reasons, we decline to issue a writ of mandamus.
The relator, in his complaint for a writ of mandamus, states that:
 On September 4, 1996, and two other occasions Relator wrote the Respondent under the Freedom of Information Act, O.R.C. 149.43 (sic) and U.S.C. § 552 (sic), requesting copies of the forementioned (sic) records, but never received the courtesy of a reply to any correspondence. It is known to the Relator that these records are available on Micro-Film (sic). (Emphasis added)
The Supreme Court of Ohio has held that under R.C. 149.43, a custodian of public records possesses no duty to make copies of records available by mail. State ex rel. Iacovone v. Kaminski
(1998), 81 Ohio St.3d 189; State ex rel. Cheren v. Chief ofPolice, Akron Municipal Police Dept. (1993), 67 Ohio St.3d 461;State ex rel. Fenley v. Ohio Historical Society (1992), 64 Ohio St.3d 509;State ex rel. Nelson v. Tubbs Jones (1993), 67 Ohio St.3d 438. Assuming that the hospital records requested by the realtor are indeed public records, the respondent possesses no duty to transmit copies of such records to the realtor by mail. See, also, State ax el. Mayes v, Holman (1996), 76 Ohio St.3d 147.
Finally, a defendant in a criminal case who has exhausted the direct appeals of his or her original conviction may not use R.C.149.43 in an attempt to obtain public records which will be used to support post-conviction relief. State ex rel. Steckman v.Jackson (1994), 70 Ohio St.3d 420.
Accordingly, the relator's request for a writ of mandamus is denied. Costs to realtor.
Writ denied.
ANN DYKE, P.J. and JOHN T. PATTON. J., CONCUR.
 _________________________________ PATRICIA ANN BLACKMON JUDGE