OPINION
On May 28, 1999, the relator, Gerald Taylor, commenced this public records mandamus action to compel the release of the sexual predator screening report which the trial court used in the underlying case, State of Ohio v. Gerald Taylor, Cuyahoga County Common Pleas Court Case No. CR-268652, at Mr. Taylor's sexual predator determination hearing. After obtaining an extension of time, the respondent, through the Cuyahoga County Prosecutor, on August 10, 1999, moved for summary judgment on the grounds of mootness. Attached to this motion was a copy Mr. Taylor's "Sexual Predator Screening Instrument."
At the top of this one page record are filled-in lines for (1) offense for review, (2) name and number, (3) date, and (4) committing county. There is also a line to indicate whether the subject may be a sexual predator. Directly underneath, underlined and in capital letters, is the title, "SEXUAL PREDATOR SCREENING INSTRUMENT." Below that are instructions for completing the rest of the form. Then follow nine questions, such as the age of the victim, prior sexual offenses, use of drugs or alcohol, and demonstrated pattern of abuse relating to sexual matters. The final question asks for the subject's prior convictions. Directly below that are lines for the name, signature and telephone number of presumably the person who completed the form; these are completed on Mr. Taylor's form.
On August 19, 1999, Mr. Taylor filed a brief in opposition to the summary judgment motion. He complained that the dates for his prior convictions were not legible and that the report had to be more than just that single page. To support the latter proposition he argued that the notation #2/2 in the upper right hand corner must mean page two of two pages. The respondent did not file a reply.
On October 22, 1999, this court issued an entry stating:
 The attachment to the respondent's motion for summary judgment appears to fulfill Mr. Taylor's request for the sexual predator screening report. It appears to be complete, self-contained and consistent with this court's description of the report in State of Ohio v. Gerald Taylor (March 11, 1999), Cuyahoga App. Nos. 73342 and 73343, unreported. However, Mr. Taylor disputes the completeness of the record. In order that this case may be resolved on the merits and a sound factual foundation, this court will allow Mr. Taylor twenty-eight days * * * to submit evidence pursuant to Civil Rule 56 to show that the submission is not a complete fulfillment of his request.
On November 12, 1999, Mr. Taylor filed another brief, which did not submit any evidence pursuant to Civil Rule 56. Rather, it reiterated his previous two arguments.
Under Ohio's Public Record Law, R.C. 149.43, exceptions to disclosure are strictly construed against the custodian of public records, and the custodian has the burden to establish the exception. Moreover, the statute is to be liberally construed to further broad access, and any doubt is to be resolved in favor of disclosure. State ex rel. The Plain Dealer Publishing Company v.City of Cleveland (1996), 75 Ohio St.3d 31, 661 N.E.2d 187; Stateex rel. Strothers v. Wertheim (1997), 80 Ohio St.3d 155,684 N.E.2d 1239; State ex rel. Scripps Howard Broadcasting Company v.Cuyahoga County Court of Common Pleas (1995), 73 Ohio St.3d 19,652 N.E.2d 179; and State ex rel. Wadd v. City of Cleveland
(1998), 81 Ohio St.3d 50, 689 N.E.2d 25.
In the present case this court is convinced that the record released to Mr. Taylor is the complete record and that the respondent has fulfilled Mr. Taylor's request. The "Sexual Predator Screening Instrument" is complete on its face. The single page is self-contained with the title and identifying information at the top and a signature line on the bottom. The instructions do not indicate the record is continued from another page, nor that the record continues to another page. The notation#2/2 at the top right does not necessarily mean page two of two pages. Such an interpretation is inconsistent with the rest of the record. Moreover, despite this court granting Mr. Taylor an extended opportunity to present evidence pursuant to Civil Rule 56 to establish that there is more to the record than disclosed, he did not provide this court with such evidence. State ex rel.Mayrides v. City of Whitehall (1991), 62 Ohio St.3d 203,580 N.E.2d 1089. Thus, the court rules that the respondent has released the requested record.
As to the several dates which are not clear, Mr. Taylor should know the dates of his own convictions. Moreover, the dates are of secondary importance on this record. Given that the respondent had no duty to send the record to Mr. Taylor when the motion for summary judgment was filed under State ex rel. Fenley v. OhioHistorical Society (1992), 64 Ohio St.3d 509, 597 N.E.2d 120; andState ex rel. Nelson v. Fuerst (1993), 66 Ohio St.3d 47,607 N.E.2d 836, the court rules that this issue is de minimus.
Finally, Mr. Taylor originally named Judge Michael Corrigan as the respondent. However, Judge Corrigan is no longer on the court of common pleas. The prosecutor listed Judge Ann Mannen as the respondent, the judge currently with the responsibility for the underlying case. Mr. Taylor has acknowledged this on some of his filings. Accordingly, this court amends the caption of this case so that Judge Ann Mannen is the respondent.
Accordingly, this court grants the respondent's motion for summary judgment and denies Mr. Taylor's application for a writ of mandamus. The respondent has released the requested record. Relator to pay costs.
TERRENCE O'DONNELL, J., CONCURS.
 _________________________________ ANN DYKE, ADMINISTRATIVE JUDGE