JOURNAL ENTRY AND OPINION
Lamont Arnold, the relator, seeks a writ of mandamus to compel Rocco M. Pollutro, Chief of the Cleveland Police Dept., the respondent, to produce copies of unspecified records, pursuant to R.C. 149.23, that relate to his conviction for the offenses of aggravated murder, attempted aggravated murder, and kidnaping in State v. Arnold, Cuyahoga County Court of Common Pleas Case No. CR-315763. In addition, he requests that all copies of the unspecified records be provided at no cost. Pollutro has filed a motion to dismiss which we grant for the following reasons.
The indefiniteness of Arnold's request for unspecified documents renders his request incapable of being acted upon. State ex rel. Zaudererv. Joseph (1989), 62 Ohio App.3d 752, 577 N.E.2d 444; R.C. 149.43. See, also, Mitsefff v. Wheeler (1988), 38 Ohio St.3d 112, 562 N.E.2d 798. In addition, a custodian of public records is not required to provide records free of charge, to the contrary, records are to be made available at cost. R.C. 149.43(B)(1); State ex rel. Edwards v. Cleveland PoliceDept. (1996), 116 Ohio App.3d 168, 687 N.E.2d 315; State ex rel. Mayridesv. Whitehall (1990), 62 Ohio App.3d 225, 575 N.E.2d 224.
Assuming that Arnold seeks records of incident reports, handwritten notes, supplementary reports, witness statements, diagrams, photos and police reports with regard to the underlying case of State v. Arnold,supra, we once again decline to issue a writ of mandamus. R.C.149.43(B)(4) provides that:
 A public officer or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justifiable claim of the person.
Herein, Arnold has failed to demonstrate that he has attempted to comply with the mandatory requirements of R.C. 149.43(B)(4) through a petition addressed to the judge that imposed the original sentence of incarceration in State v. Arnold, supra. He has failed to demonstrate that the judge has determined that any record sought is necessary to support any justifiable claim. State ex rel. Walker v. Balraj (Aug. 2, 2000), Cuyahoga App. No. 77967, unreported. Finally, the Supreme Court of Ohio, in State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420,639 N.E.2d 83, held that:
 Except as required by Crim.R. 16, information by law enforcement officials in connection with a probable or pending criminal proceeding is, by the work product exception found in R.C. 149.43(A)(2)(c), excepted from required release as said information is compiled in anticipation of litigation. * * * Id., paragraph five of the syllabus.
The Supreme Court of Ohio also held in Steckman that information assembled by law enforcement officials in connection with a criminal proceeding is, by the work product exception, excepted from required release and that a defendant in a criminal case who has exhausted the direct appeals of his conviction may not avail himself R.C. 149.43 in order to support a petition for postconviction relief. Steckman, supra,
paragraphs five and six of the syllabus. Based upon Steckman, we decline to issue a writ of mandamus.
Accordingly, we grant Pollutro's motion to dismiss. Clerk to serve notices to all parties as provided in Civ.R. 58(B). Costs to Arnold.
Writ dismissed.
ANN DYKE, ADMINISTRATIVE JUDGE AND MICHAEL J. CORRIGAN, J., CONCUR.