THE STATE EX REL. CALL, APPELLANT, *v.* FRAGALE, JUDGE, APPELLEE.

[Cite as *State ex rel. Call v. Fragale,* 104 Ohio St.3d 276, 2004-Ohio-6589.]

(No. 2004–1083—Submitted November 16, 2004—Decided December 15, 2004.)

---

**Per Curiam.**

{¶ 1} Appellant, Jonathan A. Call, was convicted of aggravated arson and sentenced to seven years in prison. On appeal, the court of appeals affirmed. *State v. Call,* Marion App. No. 9–03–21, 2004-Ohio-288, 2004 WL 112636, appeal

not accepted for review and petition for transcripts at state's expense for appeal denied, 102 Ohio St.3d 1471, 2004-Ohio-2830, 809 N.E.2d 1158.

{¶ 2} In April 2004, Call filed a petition in the Court of Appeals for Marion County for a writ of mandamus to compel his trial-court judge, Marion County Court of Common Pleas Judge Richard M. Rogers, to provide him access to an "unmolested/unaltered certified copy of the original audiotapes" of his criminal trial, "free of costs." Call claimed entitlement to the requested records under the Public Records Act, R.C. 149.43. Judge Rogers had denied Call's motion for audiotapes because the court had already provided a free copy of the transcripts to Call.

{¶ 3} In May 2004, appellee, Judge Robert D. Fragale, who had been appointed to fill Judge Rogers's unexpired term, filed an answer and moved for judgment on the pleadings. Judge Fragale specified that there were 16 microcassette tapes of prior proceedings involving Call and that they would be provided to him for $20, the cost for blank tapes to make the copies. In June 2004, the court of appeals granted Judge Fragale's motion and dismissed Call's petition.

{¶ 4} This cause is now before the court upon Call's appeal as of right.

{¶ 5} For the following reasons, Call's appeal is meritless.

{¶ 6} R.C. 149.43 does not require a public-records custodian to provide copies of records free of charge; instead, the Public Records Act requires only that copies of public records be made available at cost. R.C. 149.43(B)(1); *State ex rel. Edwards v. Cleveland Police Dept.* (1996), 116 Ohio App.3d 168, 169, 687 N.E.2d 315; *State ex rel. Mayrides v. Whitehall* (1990), 62 Ohio App.3d 225, 227, 575 N.E.2d 224. Judge Fragale did so by offering to make copies at the $20 cost for blank tapes.

{¶ 7} Moreover, since Call evidently requested that the copies be mailed to him, the common pleas court could properly require him to pay the cost of postage and mailing supplies in advance. See R.C. 149.43(B)(3) ("Upon a request made in accordance with division [B][1] of this section, a public office or person responsible for public records shall transmit a copy of a public record to any person by United States mail within a reasonable period of time after receiving the request for the copy. *The public office or person responsible for the public record may require the person making the request to pay in advance the cost of postage and other supplies used in the mailing*"). (Emphasis added.)

{¶ 8} Moreover, R.C. 149.43(B) does not require that public-records custodians provide *certified copies* of public records at cost. A common pleas court clerk can charge up to $1 per page for certified copies of "pleadings, process, record, or files." R.C. 2303.20(Z).

{¶ 9} Finally, "[o]nly one copy of a transcript of a criminal trial need be provided to an indigent criminal defendant." *State ex rel. Call v. Zimmers* (1999), 85 Ohio St.3d 367, 368, 708 N.E.2d 711. Judge Rogers previously noted that Call had already been provided a free copy of the official transcripts when he requested the audiotapes.

{¶ 10} Based on the foregoing, the court of appeals did not err in dismissing Call's petition for a writ of mandamus. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

PFEIFER, J., concurs in judgment only.

---

Jonathan A. Call, pro se.

Jim Slagle, Marion County Prosecuting Attorney, and Lawrence H. Babich, Assistant Prosecuting Attorney, for appellee.