THE STATE EX REL. DEHLER, APPELLANT, *v.* MOHR, DIR., ET AL., APPELLEES.

[Cite as *State ex rel. Dehler v. Mohr,* 129 Ohio St.3d 37, 2011-Ohio-959.]

*Public records — Mandamus sought to compel release of documents by prison — Prisons are accorded deference in adopting policies to maintain order and institutional security — Judgment denying writ affirmed.*

(No. 2010-2020 — Submitted March 2, 2011 — Decided March 9, 2011.)

APPEAL from the Court of Appeals for Franklin County,

No. 09AP-703, 2010-Ohio-5436.

————————————

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals denying a writ of mandamus to compel appellees, the director of the Ohio Department of Rehabilitation and Correction[1] and various officials and employees of the Trumbull Correctional Institution, to provide appellant, inmate Lambert Dehler, with access to records related to the purchase of peanut butter at the prison. Dehler, however, now resides at the Mansfield Correctional Institution.

{¶ 2} The court of appeals concluded that allowing Dehler to personally inspect the requested records from his new location would be "close to impossible." *State ex rel. Dehler v. Collins*, Franklin App. No. 09AP-703, 2010-Ohio-5436, ¶ 10. Furthermore, providing Dehler with the requested records would have created security issues, unreasonably interfered with the officials' discharge of their duties, and violated prison rules. See id. at ¶ 11-13; see also *State ex rel. Dehler v. Spatny*, 127 Ohio St.3d 312, 2010-Ohio-5711, 939 N.E.2d 831, ¶ 5, and *State ex rel. Dehler v. Kelly*, 127 Ohio St.3d 309, 2010-Ohio-5724,

---

1. After Dehler instituted his case, Gary C. Mohr became the director of the Ohio Department of Rehabilitation and Correction.

939 N.E.2d 828, ¶ 3, citing *Briscoe v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 02AP-1109, 2003-Ohio-3533, 2003 WL 21512808, ¶ 16 ("With respect to penal institutions, prison administrators must be accorded deference in adopting * * * policies and practices to preserve internal order and to maintain institutional security").

{¶ 3} Finally, Dehler was not entitled to copies of the requested records pursuant to the Public Records Act because he refused to submit prepayment for their cost. R.C. 149.43(B)(1) "authorizes a public office to require the prepayment of costs before providing copies of public records." *Spatny* at ¶ 4; *Kelly* at ¶ 2; *State ex rel. Call v. Fragale*, 104 Ohio St.3d 276, 2004-Ohio-6589, 819 N.E.2d 294, ¶ 6 ("R.C. 149.43 does not require a public-records custodian to provide copies of records free of charge; instead, the Public Records Act requires only that copies of public records be made available at cost").

{¶ 4} Therefore, Dehler failed to establish his entitlement to the requested records under R.C. 149.43, and we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

PFEIFER, J., concurs in judgment only.

_____

Lambert Dehler, pro se.

Michael DeWine, Attorney General, and Ashley D. Rutherford, Assistant Attorney General, for appellees.

_____