[Cite as *State ex rel. McCarley v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-3175.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Willard S. McCarley, | : | |
| Relator, | : | |
| v. | : | No. 22AP-111 |
| [Ohio] Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on September 7, 2023

**On brief:** *Willard S. McCarley*, pro se.

IN MANDAMUS
ON OBJECTION TO MAGISTRATE'S DECISION

BEATTY BLUNT, P.J.

{¶ 1} Relator, Willard S. McCarley, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to vacate the decision of the Marion Correctional Institution Rules Infraction Board ("RIB"), finding that McCarley had violated an inmate rule of conduct. The conduct infraction report alleged that "[o]n 11/5/2021, Inmate McCarley provided a written statement to the Investigator's Office which contained a false PREA Allegation against a medical staff member at MCI. His PREA allegation was investigated and determined to by [sic] Unfounded." (Oct. 4, 2022 Stipulation of Evidence, Conduct Report at 21000-Y37.) McCarley's mandamus complaint asserts that "an abuse of discretion occurred when the RIB denied the Relator his due process finding him guilty when evidence confirms the Relator did not violate the rule of conduct, written in the conduct report." (Feb. 17, 2022 Compl. at 1.) McCarley had provided a confidential

statement to a prison investigator which alleged that he was sexually assaulted by a prison doctor, which allegation was determined to be unfounded. He was subsequently found by the RIB to have violated a prison rule by making a false allegation.

{¶ 2} It appears that McCarley's complaint initially stemmed from the fact that his "spring bed" had been replaced by a "pan bed" which he argued was affecting his ability to sleep, and that he believed the medical offices were responsible for providing him an ADA accommodation to allow him to have his "spring bed" returned. (*See generally* Oct. 4, 2022 Stipulation of Evidence.) McCarley apparently believes that his complaints led to an unnecessary and retaliatory examination by ODRC physician on June 4, 2021 that ultimately caused him bleeding and pain. *Id.* at 9-10. He began complaining to ODRC staff about this examination almost immediately but was unsatisfied with the response, and began to believe that the examination was an assault that was being covered up by ODRC. *Id.* at 13-14. Ultimately, he completed the written confidential statement given to the inspector's office on November 4, 2022, *id.* at 35-36, and was charged with lying and a conduct violation on the basis of that report. *Id.* at 40. Based on the testimony of the ODRC inspector that his investigation had revealed that McCarley's allegations were untruthful, the RIB determined that McCarley had violated institutional rules. *Id.* at 41. An appeal to the Warden was rejected. *Id.* at 43-44. His appeal to the ODRC Chief Legal Counsel's office was likewise rejected:

> McCarley appeals the RIB decision finding him guilty of a Rule 27 violation. The appeal contends that he did not lie and that there is significant evidence to support this position. In review of the 37 total pages submitted with this appeal, McCarley continuously claims the rectal exam was not requested. In one response, the Chief Inspector states McCarley did not refuse this exam. Moreover, there are at least two mentions of a gastrointestinal (GI) bleed, which would need to be checked via rectal exam. Much of the evidence McCarley points to is his handwritten arguments or claims. They are not medical records, records by investigators, or any other objective consideration. This lack of evidence requires this office to affirm the RIB decision.

*Id.* at 46.

{¶ 3} McCarley filed a petition for writ of mandamus to this court, arguing that no evidence had demonstrated that he lied in the confidential statement and accordingly requesting the court to order the RIB's decision vacated. Pursuant to Civ.R. 53 and Loc.R.

13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. ODRC filed a motion for judgment on the pleadings, and on October 26, 2022, the magistrate issued a decision recommending that this court grant ODRC's motion for judgment pursuant to Civ.R. 12(C).

{¶ 4} McCarley filed objections to that decision on January 17, 2023, and on March 21, 2023, the court issued a decision remanding the case to the magistrate, observing that the decision "does not analyze whether relator has a clear legal right and whether RIB has a clear legal duty to reverse its finding of guilty for insufficient evidence," and accordingly "sustain[ing] relator's objection to the extent it argues that the magistrate did not analyze and address his claim that insufficient evidence existed to find him guilty of the rules infraction." *State ex rel. McCarley v.* [*Ohio*] *Dept. of Rehab. & Corr.*, 10th Dist. No. 22AP-111 (Mar. 21, 2023) (memorandum decision), ¶ 8.

{¶ 5} On March 24, 2023, the magistrate issued a new decision in accordance with the remand, and held that "even construing relator's allegations in the complaint as true, as is required when considering a motion pursuant to Civ.R. 12(C), relator cannot demonstrate ODRC had a clear legal duty to perform the requested act or that he has a clear legal right to the requested relief based on the sufficiency of evidence presented." (Mar. 24, 2023 Mag's Decision at 5.) On April 20, 2023, McCarley objected to the magistrate's decision on remand, asserting that "[t]he Magistrate Judge erred in his decision issued on March 24, 2023," and contending that respondent "has a clear legal duty to satisfy OAC 5120-9-06(D) since there is no evidence the Relator lied on his statement." (Apr. 20, 2023 Obj. at 1-2.) In response, ODRC asserts that "because Relator cannot establish a constitutionally protected liberty interest under the facts of this case, he cannot establish that ODRC was under a duty enforceable in mandamus to meet a particular standard of evidence to find Relator guilty of a rule infraction." (May 1, 2023 Respondent's Memo Contra at 2-3.)

{¶ 6} The matter is now before this court for decision on McCarley's objection. His specific contention is that the Ohio Administrative Code creates a clear legal duty on the part of ODRC to establish a violation of the prison rules prior to finding that such a violation occurred, ODRC has a clear legal duty to vacate the rules infraction. His argument rests on his interpretation of Ohio Adm.Code Section 5120-9-06(D), which states:

> No inmate shall be found guilty of a violation of a rule of conduct without some evidence of the commission of an act and the intent to commit the act.
>
> (1) The act must be beyond mere preparation and be sufficiently performed to constitute a substantial risk of its being performed.
>
> (2) "Intent" may be express, or inferred from the facts and circumstances of the case.

Ohio Adm.Code Ann. 5120-9-06. McCarley contends that because there is no evidence aside from the inspector's testimony that he lied about the allegations in his November 4, 2021 statement, the RIB decision was an abuse of discretion.

{¶ 7} We must begin by observing that the plain language of the rule merely states that an inmate cannot be found guilty of a rules infraction without "some evidence" of "an act and an intent to commit the act." Ohio Adm.Code Ann. 5120-9-06. Thus, "some evidence" that McCarley lied in his confidential statement is sufficient to justify the finding of a rules infraction. Moreover, prison regulations such as those contained in Ohio Adm.Code Chapter 5120-9 " 'are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates.' " *Wolfe v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 15AP-128, 2015-Ohio-3985, ¶ 10, quoting *State ex rel. Larkins v. Wilkinson*, 79 Ohio St.3d 477, 479 (1997).

{¶ 8} In order for the court to issue a writ of mandamus, a relator must show a clear legal right to the relief sought, a clear legal duty on ODRC to provide such relief, and the lack of an adequate remedy in the ordinary course of law. *See generally State ex rel. Pressley v. Indus. Comm.*, 1 Ohio St.2d 141 (1967). Mandamus will not lie to control ODRC's discretion regarding determinations of prison rule violations absent the implication of a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-86 (1995); *Larkins* at 479. *Compare State ex rel. Breno v. Indus. Comm.*, 34 Ohio St.2d 227, 230 (1973) (stating that "a writ of mandamus will issue only to compel the performance of a clear legal duty or where a clear legal right to the remedy has been shown, and it will not lie to control the discretion confided in an officer, commission, or inferior tribunal, unless it clearly appears that such discretion has been abused").

{¶ 9} Pursuant to Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A court considering a motion under Civ.R. 12(C) must construe the material allegations in the

complaint and all reasonable inferences to be drawn by the same in favor of the nonmoving party as true. *Ohio Mfrs. Assn. v. Ohioans for Drug Price Relief Act*, 147 Ohio St.3d 42, 2016-Ohio-3038, ¶ 10.

{¶ 10} Here, we find no error in the magistrate's decision to dismiss McCarley's petition based on Civ.R. 12(C). Most notably, it is undisputed that the ODRC investigator offered testimony at the RIB hearing that the allegations in McCarley's confidential statement were untruthful. We agree with the magistrate's statements that "[n]o legislative enactment places ODRC under a legal duty to act based on the quantum or sufficiency of evidence presented in finding an inmate guilty of a prison rules violation. Nor can relator show a clear legal right under the law to have a prison rules violation determination vacated based on the quantum or sufficiency of evidence." (Mag's Decision at 6.) McCarley's petition sets forth the same arguments that were rejected by the RIB, the Marion Correctional Institution Warden, and the Chief Legal Counsel of ODRC in the normal administrative procedures, and treats a petition for writ of mandamus to this court as simply another level of appeal, at which we are requested to engage in a de novo review of the RIB's decision. But that is not a proper use of the writ, as McCarley has no legal right to have his infraction proven by more than "some evidence." And Ohio Adm.Code 5120-9-06 does not confer any rights on inmates or place ODRC under a duty enforceable in mandamus regarding the sufficiency of evidence needed to find an inmate has committed a violation of prison rules. *Compare Larkins* at 479. McCarley cannot establish ODRC was under a clear legal duty to vacate the RIB's determination and cannot establish a clear legal right to that relief, and as a consequence, he cannot establish any potential claim to relief as required by Civ.R. 12(C).

{¶ 11} Accordingly, we overrule McCarley's objection to the magistrate's decision and adopt that decision as our own, including the findings of fact and the conclusions of law therein. McCarley has failed to demonstrate he is entitled to extraordinary relief, and in accordance with the magistrate's decision, the requested writ of mandamus is denied.

*Objection overruled;*
*writ of mandamus denied.*

MENTEL and LELAND, JJ., concur.

————————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Willard S. McCarley, | : | |
| Relator, | : | |
| v. | : | No.  22AP-111 |
| Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 24, 2023

*Willard S. McCarley*, pro se.

*Dave Yost,* Attorney General, and *Adam Beckler,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION FOR JUDGMENT ON PLEADINGS

**{¶ 12}** Relator, Willard S. McCarley, an inmate at the Marion Correctional Institution, has filed this original action seeking the issuance of a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to vacate the prison's Rules Infraction Board's ("RIB") finding that relator had violated an inmate rule of conduct.

**I.  Findings of Fact**

**{¶ 13}** 1. At the time of the filing of this mandamus action, relator was an inmate being held at the Marion Correctional Institution in Marion, Ohio.

**{¶ 14}** 2. ODRC is a state governmental agency responsible for, among other duties, operating Ohio's prison system.

{¶ 15} 3. In his complaint, relator alleges that on or about November 4, 2021, he filed a confidential statement with the institutional investigator of the Marion Correctional Institution. After relator submitted his statement, the investigator issued a conduct report against relator asserting that he lied on his confidential statement in violation of rule 27 of the inmate rules of conduct as provided by Ohio Adm.Code 5120-9-06(C)(27).

{¶ 16} 4. In his complaint, relator alleges the conduct report was referred to the RIB for a hearing. Following the hearing, the RIB on November 15, 2021 found that relator was guilty of the charged inmate rule violation. As a result, relator alleges that on November 16, 2021 he was "placed in discipline control from the guilty verdict issued by the RIB." (Compl. at 2.) Relator supports this allegation by attaching as an exhibit to his complaint a copy of the disposition of the RIB reflecting that the RIB imposed Limited Privilege Housing ("LPH")[1] on relator for a period of 14 days as a result of the rule violation.

{¶ 17} 5. In his complaint, relator alleges the RIB's finding of guilt was affirmed on appeal to the warden's designee on December 1, 2021. Relator alleges ODRC's chief legal counsel affirmed the warden's decision on December 22, 2021.

{¶ 18} 6. On February 17, 2022, relator filed a complaint in this case for a writ of mandamus. In his complaint, relator alleged that the RIB violated relator's due process rights by finding he had committed an inmate rule violation.

{¶ 19} 7. On September 1, 2022, ODRC filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C).

{¶ 20} 8. On September 29, 2022, relator filed a motion for leave to file instanter a memorandum in opposition to ODRC's motion for judgment on the pleadings. On October 25, 2022, relator filed a motion for leave to timely file his merit brief instanter.

{¶ 21} 9. On October 26, 2022, the magistrate issued a decision, including findings of fact and conclusions of law, recommending that the court grant ODRC's motion for judgment on the pleadings pursuant to Civ.R. 12(C). The magistrate found that because due process protections were not implicated by the actions of the RIB in this case, relator cannot demonstrate that ODRC had a clear legal duty to provide additional due process protections or that relator has a clear legal right to a finding that he was not guilty of the charged inmate rule violation. In the same decision, the magistrate recommended granting relator's September 29, 2022 motion for leave to file instanter a response to ODRC's motion for

---

[1] *See Chacone v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2019-01162AD, 2021-Ohio-2997, ¶ 1.

judgment on the pleadings and denied as moot relator's October 25, 2022 motion for leave to timely file his merit brief instanter.

{¶ 22} 10. On January 17, 2023, relator filed objections to the magistrate's decision.

{¶ 23} 11. On March 21, 2023, the court issued a decision on relator's objections. With regard to relator's claim of failure of due process, the court found no error of law or other defect evident on the face of the magistrate's decision. Therefore, with regard to relator's claim of failure of due process, the court overruled relator's objection and adopted the magistrate's decision as its own, including the findings of fact and conclusions of law contained therein. However, the court sustained relator's objection to the magistrate's decision with regard to his claim of insufficient evidence to find him guilty of the rules infraction. The court remanded relator's complaint and ODRC's motion for judgment on the pleadings pursuant to Civ.R. 12(C) to the magistrate to address and analyze the complaint and motion with regard to relator's claim of insufficient evidence and to recommend to the court whether to grant or deny the request for a writ of mandamus on such grounds. The court adopted the magistrate's decision as to the granting of relator's September 29, 2022 motion for leave to file instanter a response to ODRC's motion for judgment on the pleadings and the denial as moot of relator's October 25, 2022 motion for leave to timely file his merit brief instanter. Finally, the court denied as moot relator's November 21, 2022 motion for leave to amend complaint.

{¶ 24} 12. The matter is now before the magistrate on remand.

## II. Discussion and Conclusions of Law

{¶ 25} Pursuant to Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A court considering a motion under Civ.R. 12(C) must construe the material allegations in the complaint and all reasonable inferences to be drawn by the same in favor of the nonmoving party as true. *Ohio Mfrs.' Assn. v. Ohioans for Drug Price Relief Act*, 147 Ohio St.3d 42, 2016-Ohio-3038, ¶ 10. Viewing the allegations in such light, the court may only grant a motion under Civ.R. 12(C) where it finds no material factual issues exist and the movant is entitled to judgment as a matter of law. *Hinkle v. L Brands, Inc. World Headquarters*, 10th Dist. No. 21AP-80, 2021-Ohio-4187, ¶ 9. Thus, a motion under Civ.R. 12(C) " 'tests the allegations of the complaint and presents a question of law.' " *Jackson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-621, 2020-Ohio-1518, ¶ 11, quoting *Zhelezny v. Olesh*, 10th Dist. No. 12AP-681, 2013-Ohio-4337, ¶ 9. *See Lytal v. Crawl for Cancer, Inc.*, 10th

Dist. No. 17AP-771, 2018-Ohio-2017, ¶ 8, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996), citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166 (1973) (stating that a court is permitted to consider both the complaint and answer in resolving the question of law presented by a Civ.R. 12(C) motion); *Regulic v. Columbus*, 10th Dist. No. 21AP-268, 2022-Ohio-1034, ¶ 18, quoting *RotoSolutions, Inc. v. Crane Plastics Siding, LLC*, 10th Dist. No. 13AP-1, 2013-Ohio-4343, ¶ 15 (" 'A motion for judgment on the pleadings is essentially a motion to dismiss for failure to state a claim after an answer has been filed. ").

**{¶ 26}** "R.C. Chapter 5120 grants broad powers to [ODRC] regarding all aspects of the Ohio prison system." *O'Neal v. State*, 10th Dist. No. 19AP-260, 2020-Ohio-506, ¶ 35. Among other powers, the General Assembly has authorized ODRC to "maintain, operate, manage, and govern all state institutions for the custody, control, training, and rehabilitation of persons convicted of crime and sentenced to correctional institutions." R.C. 5120.05. With regard to the authority of the director of ODRC, R.C. 5120.01 provides that "[a]ll duties conferred on the various divisions and institutions of the department by law or by order of the director shall be performed under the rules and regulations that the director prescribes and shall be under the director's control." Pursuant to this authority, ODRC has adopted administrative rules pertaining to rules of inmate conduct and procedures for handling violations of such rules.

**{¶ 27}** Ohio Adm.Code 5120-9-06 contains a list of inmate rules of conduct. Among other listed rule violations, Ohio Adm.Code 5120-9-06(C)(27) provides that "[g]iving false information or lying to departmental employees" is an inmate rule violation. Ohio Adm.Code 5120-9-07 governs procedures for the issuance of conduct reports and procedures to be employed by the hearing officer for determining violations of the inmate rules of conduct. Pursuant to Ohio Adm.Code 5120-9-07, an ODRC staff member who has reason to believe that an inmate has violated a rule of conduct may issue a conduct report. A hearing officer is tasked with evaluating the conduct reports and must inform the inmate of the rule violation alleged, the behavior constituting the violation, and the right of the inmate to make a statement regarding the violation. The hearing officer may either decide and dispose of the alleged violation or refer the violation to the RIB for formal disposition. *See* Ohio Adm.Code 5120-9-07(E) through (H). Ohio Adm.Code 5120-9-08 governs the procedures employed by the RIB for determining violations of the inmate rules of conduct and the process for appealing such determinations. Under Ohio Adm.Code 5120-9-08(J),

"[a]fter taking testimony and receiving evidence, the RIB panel shall vote and determine whether, based on the evidence presented, they believe that a rule violation occurred, that the inmate committed that violation, and if so, what disposition to impose." Following a determination of the RIB, an inmate may appeal the decision to the managing officer or designee within seven days of the inmate's receipt of the RIB panel's disposition. Ohio Adm.Code 5120-9-08(O). Finally, an inmate may appeal the decision of the managing officer or designee to chief legal counsel within 14 days of the inmate's receipt of the managing officer or designee's decision. Ohio Adm.Code 5120-9-08(P).

{¶ 28} Relator alleges ODRC abused its discretion by finding he was guilty of the charged inmate rules violation because, according to relator, he did not lie on his confidential statement. Relator states he "has a clear legal right to * * * a not guilty finding when no evidence was proffered that he lied on his inmate statement" and that ODRC "has a clear legal duty to find the Relator not-guilty pursuant to [Ohio Adm.Code] 5120-9-06 when no evidence existed the Relator lied on his inmate statement warranting a Rule 27 conduct violation and no remedy at law exists to challenge the [ODRC] guilty finding." (Compl. at 3.) Relator seeks a writ of mandamus "compelling [ODRC] to vacate the guilty verdict issued by the [prison's] RIB since an abuse of discretion occurred from the hearing that denied due process amplifying no evidence supports a guilty verdict mandating a not guilty verdict." (Compl. at 3-4.) However, even construing relator's allegations in the complaint as true, as is required when considering a motion pursuant to Civ.R. 12(C), relator cannot demonstrate ODRC had a clear legal duty to perform the requested act or that he has a clear legal right to the requested relief based on the sufficiency of evidence presented.

{¶ 29} "A court in a mandamus proceeding cannot create the legal duty the relator would enforce through it." *State ex rel. Hodges v. Taft*, 64 Ohio St.3d 1, 3 (1992). Rather, "[o]nly the legislature can create a legal duty to be enforced in mandamus." *State ex rel. Clough v. Franklin Cty. Children Servs.*, 144 Ohio St.3d 83, 2015-Ohio-3425, ¶ 15. "A writ cannot issue to control an officer's exercise of discretion, but it can be issued to compel [the officer] to exercise it when [the officer] has a clear legal duty to do so." *Hodges* at 4. " ' "With respect to penal institutions, prison administrators must be accorded deference in adopting * * * policies and practices to preserve internal order and to maintain institutional security." ' " *State ex rel. McDougald v. Sehlmeyer*, 162 Ohio St.3d 94, 2020-Ohio-3927, ¶ 15, quoting

*State ex rel. Dehler v. Mohr*, 129 Ohio St.3d 37, 2011-Ohio-959, ¶ 2, quoting *Briscoe v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 02AP-1109, 2003-Ohio-3533, ¶ 16.

**{¶ 30}** The Supreme Court of Ohio has held that "prison regulations" such as those contained in Ohio Adm.Code Chapter 5120-9 "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St.3d 477, 479 (1997). The court stated that "state regulatory schemes," such as those employed by ODRC in the performance of its duties under R.C. Chapter 5120 "do not create a constitutionally protected liberty interest merely because regulations incorporate seemingly mandatory language." *Id.* at 479. Therefore, the "[a]bsent evidence that the challenged institutional action would affect the inmate's duration of confinement, an inmate has no liberty interest in being free of disciplinary or administrative segregation because such segregation does not impose an atypical and significant hardship on the inmate." *Id.*

**{¶ 31}** ODRC possesses significant discretion in the operation of Ohio's prisons, including its determinations regarding prison discipline in order to preserve internal order and maintain institutional security. No legislative enactment places ODRC under a legal duty to act based on the quantum or sufficiency of evidence presented in finding an inmate guilty of a prison rules violation. Nor can relator show a clear legal right under the law to have a prison rules violation determination vacated based on the quantum or sufficiency of evidence. Therefore, mandamus will not lie to control ODRC's discretion regarding determinations of prison rule violations absent the implication of a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-86 (1995); *Larkins* at 479. *Compare State ex rel. Alben v. State Emp. Relations Bd.*, 76 Ohio St.3d 133, 134 (1996) (finding in cases where no statutory right to appeal available that mandamus is an appropriate remedy in order to correct an administrative body's abuse of discretion regarding a right created by law); *State ex rel. Breno v. Indus. Comm.*, 34 Ohio St.2d 227, 230 (1973) (stating that "a writ of mandamus will issue only to compel the performance of a clear legal duty or where a clear legal right to the remedy has been shown, and it will not lie to control the discretion confided in an officer, commission, or inferior tribunal, unless it clearly appears that such discretion has been abused"). In the October 26, 2022 magistrate's decision, it was determined that, pursuant to *Sandin* and *Larkins*, relator cannot establish a constitutionally protected liberty interest was implicated under the facts of this case. Furthermore, as established by the Supreme Court of Ohio in *Larkins*, Ohio

Adm.Code 5120-9-06, the regulation cited by relator in his complaint, does not confer any rights on inmates or place ODRC under a duty enforceable in mandamus regarding the sufficiency of evidence needed to find an inmate has committed a violation of prison rules. *Larkins* at 479. Therefore, relator cannot establish ODRC was under a clear legal duty to vacate the RIB's determination that relator was guilty of the charged inmate rules violation based on the sufficiency of evidence presented absent a finding that a constitutionally protected liberty interest was implicated. Relator cannot establish a clear legal right to the requested relief for the same reason.

{¶ 32} Therefore, construing the material allegations in the complaint and all reasonable inferences to be drawn by the same in favor of the nonmoving party as true, no material factual issues exist and ODRC is entitled to judgment as a matter of law. Accordingly, it is the decision and recommendation of the magistrate that ODRC's September 1, 2022 motion for judgment on the pleadings should be granted and the writ denied.


/S/ MAGISTRATE
JOSEPH E. WENGER IV


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.